# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

VICTOR F. CEDENO,

    Plaintiff,

v.                                                                                                Case No. 8:10-CV-484-T-30AEP

DAVID GEE, SHERIFF
HILLSBOROUGH COUNTY, et al.,

    Defendants.
_____/

## ORDER

Plaintiff, a State of Florida prisoner proceeding *pro se*, filed a civil rights complaint on February 22, 2010 (Dkt. 1). Plaintiff names David Gee, Sheriff of Hillsborough County, Florida, Deputies Roman, Rogers, Palermo, Mangra, and Garcia, and his ex-fiancé Carmela LaBoy as defendants.

### Standard of Review

Because Plaintiff filed this action against governmental employees while incarcerated, the Court is required to screen his action under 28 U.S.C. § 1915A(b). Section 1915A provides that:

> "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint – is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b)(1) & (2). Section 1915A requires that prisoner complaints be screened in the same manner as under § 1915(e)(2)(B) where a governmental official has been sued regardless of whether the $350.00 filing fee has been paid. *Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) (finding that § 1915A "applies to any suit by a prisoner against certain government officials or entities regardless of whether that prisoner is or is not proceeding IFP."), *cert. denied*, 527 U.S. 1041 (1999). The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).").

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys"). A plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to plaintiff, support the conclusion that he may be able to establish that he is entitled to the relief he seeks under § 1983.

## Background

Plaintiff's complaint relates to events which allegedly occurred on June 3, 2008, when the deputies stopped Plaintiff's vehicle without probable cause and falsely claimed that they

stopped his vehicle because its tag light was not functioning.  Thereafter, the deputies went to Carmela LaBoy's home and lied when they told her that Plaintiff had given them permission to search her home for contraband.  Finally, Plaintiff alleges that Carmela LaBoy gave the deputies false information regarding Plaintiff.

Plaintiff alleges that the deputies violated his Fourth, Fifth, and Eighth Amendment rights, and "the 14th Amendment laws provided by the State of Florida."  He claims he was wrongfully arrested, embarrassed, and falsely imprisoned.  For relief, Plaintiff seeks compensatory and punitive damages.

## Discussion

In any § 1983 action, the initial inquiry must focus on whether two essential elements are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996) (citations omitted); *see also Hale v. Tallapoosa County*, 50 F.3d 1579 (11th Cir. 1995).  If either element is missing, the complaint fails.  In addition, for liability under 42 U.S.C. §1983, Plaintiff must allege an affirmative causal connection between the Defendants' conduct and the constitutional deprivation.  *See Swint v. City of Wadley, Alabama*, 51 F.3d 988 (11th Cir. 1995); *Tittle v. Jefferson County Comm'n*, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

"In any action under § 1983, the first step is to identify the exact contours of the underlying right said to have been violated." *County of Sacramento v. Lewis*, 523 U.S. 833,

842 n.5 (1998). In addition to identifying the constitutional right at issue, a § 1983 complaint must be well-pled. Vague and conclusory allegations lacking factual support cannot support a viable § 1983 cause of action.

**Claim against Defendant Gee**

"For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents," *see Owens v. Fulton County,* 877 F.2d 947, 951 n.5 (11th Cir. 1989), here Hillsborough County. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Jones v. Cannon*, 174 F.3d 1271, 1293 n. 15 (11th Cir. 1999). "A governmental entity is not liable under [§] 1983, merely as a matter of respondeat superior, for constitutional injuries inflicted by its employees." *See Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999) (citation omitted). A local government is, however, liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978) (holding that liability of municipalities and other governmental entities under § 1983 is limited to instances of official policy or custom).

To attribute liability to Defendant Gee in his official capacity under § 1983, Plaintiff must demonstrate that Defendant Gee had an official policy or custom that was "the moving force of the constitutional violation." *Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (1993) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)). Here, Plaintiff fails to identify any policies, customs, or procedures instituted by Defendant Gee that led to

the alleged constitutional violations.

The Court concludes that the allegations in the complaint are insufficient to support a § 1983 claim against Defendant Gee in his official capacity. Accordingly, the claims against Defendant Gee will be dismissed.

**Claim against Defendant LaBoy**

Plaintiff alleges that Defendant LaBoy gave the deputies false information regarding him. Plaintiff's claim against Defendant LaBoy fails because it fails to show she was acting under color of state law. A successful § 1983 action requires a showing that the conduct complained of was committed by a person acting under color of state law. *See Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (citation omitted). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Id*. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations omitted). "A private party will be viewed as a state actor for § 1983 purposes only in rare circumstances, such as when the state has played an affirmative role by encouraging, conspiring, or acting in concert with the private actor in the particular conduct underlying the claimant's civil rights grievance." *Bias v. Crosby*, 346 Fed. Appx. 455, 456 (11th Cir.2009) (unpublished opinion) (citing *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001); *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990).

Plaintiff's complaint fails to allege any facts showing that LaBoy, a private individual, was a state actor or acted in concert with state actors under color of law. Merely because LaBoy allegedly gave false information to the deputies regarding Plaintiff does not demonstrate that she acted under color of state law or in concert with the deputies. *See Bias*, 346 Fed. Appx. at 458 (private individual who had allegedly falsely accused plaintiff of rape and sexual abuse did not act under color of state law). Furthermore, "[p]roviding false information to an arresting officer is not, by itself, sufficient to state a claim against that private party under § 1983." *Boykin v. Bloomsburg Univ. of Penn.*, 893 F. Supp. 409, 417 (M.D. Pa. 1995). Consequently, the claim against Defendant LaBoy will be dismissed for failure to state a claim upon which relief may be granted.

**Claims against Defendants Roman, Rogers, Garcia, Palermo, and Mangra**

Plaintiff's complaint essentially alleges that the deputies initiated an illegal stop, search, and seizure, and that they falsely arrested and imprisoned him. He alleges that the deputies fabricated probable cause when they stopped his vehicle because it allegedly had a tag light that did not work. Plaintiff alleges his tail light was working at the time of the stop. He also alleges that the deputies lied to LaBoy when they told her that Plaintiff had given them permission to search her home.

The Fourth Amendment guarantees that all individuals "will be secure in their person . . . against unreasonable seizures." U.S. Const. amend. IV. "A traffic stop is a seizure within the meaning of the Fourth Amendment." *Williams v. Miami-Dade Police Dep't*, 297 Fed. Appx. 941, 944 (11th Cir.2008) (unpublished opinion) (citing *Delaware v. Prouse*, 440 U.S.

648, 653 (1979)). A claim for false arrest falls within the rights protected by the Fourth Amendment's guarantee against unreasonable seizure, and allegations of such an arrest are cognizable under Section 1983. *See Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996) ("A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a section 1983 claim.") (citation omitted). In particular, federal case law has established that it is a violation of the Fourth Amendment for an individual to be arrested without probable cause. *See Brescher v. Von Stein,* 904 F.2d 572, 578 (11th Cir. 1990) ("Under the Fourth Amendment, which is applicable to the States through the Fourteenth Amendment, persons have the right not to be arrested without probable cause.") (citation omitted). Further, "[w]here a police officer lacks probable cause to make an arrest, the arrestee has a claim under section 1983 for false imprisonment based on a detention pursuant to that arrest." *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a state prisoner could not bring a claim for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.*, at 487. If it would, the district court must dismiss the complaint, unless the plaintiff can show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. *Heck*, however, does not necessarily bar a claim for false arrest. *See Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). "Because an illegal search or arrest may be followed by a valid conviction,

7

a successful §1983 action for alleged Fourth Amendment violations does not necessarily imply the invalidity of a conviction." *Id*. Courts must look both to the claims raised under §1983 and to the specific offenses for which the §1983 claimant was convicted. *Vickers v. Donahue*, 137 Fed. Appx. 285, 290 (11th Cir.2005) (unpublished opinion) (citing *Hughes*, 350 F.3d at 1160 n.2).

The Court takes judicial notice of information on the Florida Department of Corrections Offender Information Network, April 6, 2010, which indicates that Plaintiff was sentenced on September 24, 2009, for possession of cocaine on June 3, 2008, the date on which Plaintiff claims in his complaint that he was stopped without probable cause and falsely arrested. See Fed.R.Evid. 201. Plaintiff's complaint, however, makes no mention of "the specific offense[] for which [he] was convicted." In order for this Court to determine whether Plaintiff's claims would necessarily imply the invalidity of Plaintiff's conviction, it "must look both to the claims raised under §1983 and to the specific offenses for which the §1983 claimant was convicted." *Vickers*, 137 Fed. Appx. at 290.

Thus, the Plaintiff is directed to file an amended complaint which asserts specific allegations as to how each deputy allegedly violated his rights and explain how each person did so. The Plaintiff should include factual details to explain why he believes there was no probable cause for the arrest and provide details about the criminal charge from the arrest and its disposition. Further, to the extent Plaintiff's complaint alleges that the deputies illegally searched LaBoy's residence, "only individuals who actually have a reasonable expectation of privacy in a given place have standing to challenge the validity of a government search."

*See United States v. King*, 509 F.3d 1338, 1341 (11th Cir. 2007) (quoting *United States v. Cooper*, 203 F.3d 1279, 1283-1284 (11th Cir. 2000)). Plaintiff's complaint does not set forth any facts showing he had a reasonable expectation of privacy in LaBoy's residence.

**Fifth, Eighth, and Fourteenth Amendment claims**

Plaintiff's complaint asserts that defendants' actions not only violated his Fourth Amendment rights, but also his rights under the Fifth, Eighth, and "14th Amendment laws provided by the State of Florida." Plaintiff's complaint fails to state a claim for violations of these constitutional rights.

First, the complaint presents no facts in support of a Fourteenth Amendment violation independent of the Fourth Amendment claim. Therefore, the Court concludes that Plaintiff's claim that the defendants violated "the 14th Amendment laws provided by the State of Florida" was included to assure that the Fourth Amendment would be applied to the state actors. *See Albright v. Oliver*, 510 U.S. 266 (1994) (applying a Fourth Amendment illegal seizure claim to the States via the Fourteenth Amendment). *See also Baker v. McCollan*, 443 U.S. 137, 142 (1979) ("By virtue of its 'incorporation' into the Fourteenth Amendment, the Fourth Amendment requires the States to provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty.") (citation omitted).

Second, Plaintiff's complaint alleges a violation of the Eighth Amendment. The Eighth Amendment states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." No facts alleged in the complaint,

however, support a claim of cruel and unusual punishment. Thus, Plaintiff's Eighth Amendment claim will be dismissed.

Third and finally, Plaintiff's complaint alleges a violation of the Fifth Amendment. The Fifth Amendment states, in part:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, . . ., nor be deprived of life, liberty, or property, without due process of law . . . .

U.S. Const. amend. V. "Due process challenges against the federal government are properly brought under the Fifth Amendment, but due process challenges against a state or local government entity are brought under the Fourteenth Amendment." *Lewis v. City of Montgomery,* 2006 U.S. Dist. LEXIS 44378 at *14-15 (M.D. Ala. 2006) (citing *Buxton v. City of Plant City, Fla.*, 871 F.2d 1037, 1041 (11th Cir. 1989)). Consequently, Plaintiff's Fifth Amendment claim will be dismissed.

**Leave to Amend**

Plaintiff shall submit an amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original complaint by reference. **An amended complaint supersedes the original complaint, and all claims must be raised in**

**the amended complaint**.

Plaintiff **must** limit his allegations in his amended complaint to claims related to the same basic incident or issues as raised in his complaint, and name as defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates of the alleged illegal acts. In the section entitled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this Court.

ACCORDINGLY, the Court **ORDERS** that:

1. The Clerk of Court is directed to mail with Plaintiff's copy of this Order a court-approved form for filing a civil rights complaint by a prisoner. This case number should be written on the form.

2. On or before **May 7, 2010**, Plaintiff shall file an amended complaint, submitted on the court form, in compliance with this Order.

3. If Plaintiff fails to timely file an amended complaint, this action will be dismissed for failure to prosecute.

**DONE** and **ORDERED** in Tampa, Florida on April 7, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: *Pro Se* Plaintiff