# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

VICTOR F. CEDENO,

    Plaintiff,

v.                                                                Case No. 8:10-CV-484-T-30AEP

MANUEL ROMAN, et al.,

    Defendants.
_____/

## ORDER

Plaintiff, a State of Florida prisoner proceeding *pro se*, filed a civil rights complaint on February 22, 2010 (Dkt. 1). On April 7, 2010, the Court ordered Plaintiff to file an amended complaint (Dkt. 5). Plaintiff filed his amended complaint on May 17, 2010 (Dkt. 8). In his amended complaint, Plaintiff names Hillsborough County Deputies Roman, Rogers, Palermo, Mangra, and Garcia as defendants.

### Standard of Review

Because Plaintiff filed this action against governmental employees while incarcerated, the Court is required to screen his action under 28 U.S.C. § 1915A(b). Section 1915A provides that:

> "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint – is frivolous, malicious, or

fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b)(1) & (2). Section 1915A requires that prisoner complaints be screened in the same manner as under § 1915(e)(2)(B) where a governmental official has been sued regardless of whether the $350.00 filing fee has been paid. *Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) (finding that § 1915A "applies to any suit by a prisoner against certain government officials or entities regardless of whether that prisoner is or is not proceeding IFP."), *cert. denied*, 527 U.S. 1041 (1999). The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).").

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys"). A plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to plaintiff, support the conclusion that he may be able to establish that he is entitled to the relief he seeks under § 1983.

**Background**

Plaintiff's amended complaint relates to events which allegedly occurred on June 3, 2008, when the deputies stopped Plaintiff's vehicle without probable cause and falsely claimed that they stopped his vehicle because its tag light was not functioning. Thereafter, the deputies performed a body cavity search on Plaintiff, and found cocaine. As a result of the discovery of the cocaine, Plaintiff was arrested and subsequently convicted for possession of cocaine (Dkt. 8 at pgs. 8-9).[1]

Plaintiff alleges that the deputies illegally stopped and searched him, and falsely arrested and imprisoned him in violation of his Fourth and Fourteenth Amendment rights. For relief, Plaintiff seeks compensatory and punitive damages.

For the reasons explained below, the amended complaint will be **DISMISSED** for failure to state a claim upon which relief may be granted because the claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

**Discussion**

The amended complaint alleges that Plaintiff was illegally stopped and searched on June 3, 2008. As a result of the allegedly illegal stop and search, the deputies found cocaine on Plaintiff. Plaintiff was subsequently convicted for possession of that cocaine.

§ 1983 plaintiffs may only "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a

---

[1] This Court takes judicial notice that Plaintiff was sentenced to three years of incarceration in the Florida Department of Corrections for possession of cocaine (offense date of June 3, 2008). See http://www.dc.state.fl.us/ActiveInmates (website for the Florida Department of Corrections). Fed.R.Evid. 201.

3

conviction or sentence invalid" if they can demonstrate that the conviction or sentence has been invalidated. *Heck*, 512 U.S. at 486-87. *Heck*, however, does not necessarily bar a claim for illegal search or arrest. *See Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). "Because an illegal search or arrest may be followed by a valid conviction, a successful §1983 action for alleged Fourth Amendment violations does not necessarily imply the invalidity of a conviction." *Id*. Courts must look both to the claims raised under §1983 and to the specific offenses for which the §1983 claimant was convicted. *Vickers v. Donahue*, 137 Fed. Appx. 285, 290 (11th Cir.2005) (unpublished opinion) (citing *Hughes*, 350 F.3d at 1160 n.2). Nonetheless, *Heck* does bar those claims that "if successful, would necessarily imply the invalidity of the conviction because they would negate an element of the offense." *Hughes*, 350 F.3d. at 1160 n.2.

Plaintiff's conviction for possession of cocaine was predicated on the cocaine found on Plaintiff during the allegedly illegal search. Therefore, if Plaintiff was successful in his claim that the stop and search were illegal, "it would cast doubt on the validity of an essential element of the offense for which he was found guilty." *Weaver v. Geiger*, 294 Fed. Appx. 529, 533 (11th Cir. 2008) (unpublished opinion) (citing *Baxter v. Crawford*, 233 Fed. Appx. 912, 916 (11th Cir. 2007) (per curiam) (barring a *Bivens* claim alleging illegal search and seizure for an individual convicted of cocaine distribution and possession, since such an action would attack the factual basis for his conviction)).[2]

---

[2] In Florida, possession of cocaine "contains a single element: possession." *Franklin v. State*, 531 So. 2d 179, 180 (Fla. 2d DCA 1988).

4

Plaintiff has not alleged or demonstrated that his conviction for possession of cocaine has been invalidated. The stop and search of Plaintiff provided the proof of his possession of cocaine. A ruling in Plaintiff's favor would imply the invalidity of his possession of cocaine conviction since a favorable ruling would, in effect, mean the evidence against him was obtained in an unconstitutional manner. Thus, his claims are subject to summary dismissal on the authority of *Heck*.

### Conclusion

For the reasons stated herein, Plaintiff's amended complaint will be **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted because the claims are barred by the *Heck* favorable termination doctrine.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's amended complaint (Dkt. 8) is **DISMISSED** for failure to state a claim upon which relief may be granted. The dismissal is without prejudice to plaintiff re-filing the claims in a new action in the event he obtains an invalidation of his possession of cocaine conviction.

2. The Clerk of the Court shall terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 21, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: *Pro Se* Plaintiff